UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN JOSEPH FORJONE,
in esse Sui juris, Individually
propria persona,

                Plaintiff,

       -v-                                1:19-CV-578

THE STATE OF NEW YORK
(NYS) DEPARTMENT OF
MOTOR VEHICLES, WARREN
COUNTY DEPARTMENT OF
MOTOR VEHICLES, NYS
OFFICE OF CHILDREN AND
FAMILY SERVICES, ORLEANS
COUNTY DEPARTMENT OF
SOCIAL SERVICES, WARREN
COUNTY DEPARTMENT OF
SOCIAL SERVICES, THE
SECRETARY OF THE UNITED
STATES DEPARTMENT OF
HOMELAND SECURITY, and
THE SECRETARY OF THE
UNITED STATES DEPARTMENT
OF TRANSPORTATION,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                    OF COUNSEL:

JOHN JOSEPH FORJONE
Plaintiff, Pro Se
141 Harris Avenue
Lake Luzerne, NY 12846

HON. LETITIA JAMES                       JAMES SEAMAN, ESQ.
Attorney General of the State of New York    JORGE A. RODRIGUEZ, ESQ.
Attorneys for New York State Defendants      Ass't Attorneys General
The Capitol
Albany, NY 12224

| | |
|---|---|
| HON. GRANT C. JAQUITH<br>United States Attorney for the<br>   Northern District of New York<br>Attorneys for Federal Defendants<br>445 Broadway, Room 218<br>Albany, NY 12207 | KAREN FOLSTER<br>   LESPERANCE, ESQ.<br>Ass't United States Attorney |

DAVID N. HURD
United States District Judge

# MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On May 15, 2019, *pro se* plaintiff John Joseph Forjone ("Forjone" or "plaintiff") filed this civil action against defendants the State of New York Department of Motor Vehicles ("NYS DMV"), the State of New York Office of Children and Family Services ("NYS OFS"), the Warren County Department of Motor Vehicles ("Warren County DMV"), the Warren County Department of Social Services ("Warren County DSS"), the Orleans County Department of Social Services ("Orleans County DSS"), the Secretary of the United States Department of Homeland Security (the "DHS Secretary"), and the Secretary of the United States Department of Transportation (the "DoT Secretary").

Broadly stated, Forjone's pleading[1] alleges that the state and federal agencies named as defendants have violated his federal civil rights by repeatedly denying his request to renew his New York State commercial driver's license, which expired several years ago.

There are three motions pending: *first*, the NYS DMV and the NYS OFS (collectively

---

[1] Forjone's complaint and other submissions—which make repeated reference to provisions of the Uniform Commercial Code ("UCC") and the alleged distinction between pre- and post-1933 citizenship status in the United States—indicate that he may be an adherent to some variation of the "sovereign citizen" belief system. *See, e.g.*, *Rivera v. United States*, 105 Fed. Cl. 644, 646 (Fed. Cl. 2012) (describing aspects of same). Plaintiff's repetitive usage of superfluous legal terminology adds complexity to his pleading but does not alter the analysis.

the "State defendants") have moved under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6) to dismiss Forjone's complaint in its entirety; *second*, plaintiff has cross-moved for injunctive relief against the "constitutionally questionable *Green Light Law*"; and *third*, the DHS Secretary and the DoT Secretary (collectively the "Federal defendants") have moved under Rule 12(b)(1) and (6) to dismiss plaintiff's complaint to the extent it asserts any cognizable claims against them. Dkt. Nos. 9, 15, 16. The motions have been fully briefed[2] and will be decided on the basis of the submissions without oral argument.

## II. BACKGROUND

The following facts are taken from Forjone's complaint, Dkt. No. 1, and the attached exhibits, Dkt. No. 1-2, and are assumed true for the purpose of resolving the motions to dismiss.

On January 5, 2004, the NYS DMV issued Forjone, a resident of Lake Luzerne, New York, a commercial driver's license ("CDL"), a special type of license required to operate large or heavy vehicles like tow trucks, tractor trailers, and buses. Compl. ¶¶ 1, 9 & Ex. A to Compl.; *see also Commercial Driver Licenses*, DEPARTMENT OF MOTOR VEHICLES, https://dmv.ny.gov/commercial-drivers/commercial-driver-licenses (last visited Oct. 29, 2019).

Until it expired on October 15, 2009, Forjone enjoyed an "unblemished" safety record and earned "$50,000 per year" driving with his NYS DMV-issued CDL. Compl. ¶¶ 1, 10-12. However, in plaintiff's own telling, at the time of its expiration the CDL had already been suspended for two "separate" reasons: (1) failure to pay child support in Case #AV29396C1,

---

[2] The Clerk of the Court has incorrectly docketed plaintiff's filings in further support of his motion for injunctive relief as a fourth motion seeking additional relief. Dkt. No. 22. This supporting submission, to the extent it is relevant to the issues presented, has also been considered.

and (2) failure to answer legal summons #BA3739433 for some kind of unpaid ticket in Corinth Town Court. Compl. ¶¶ 12-15; Exs. C, G to Compl.

In May or June of 2015, Forjone finally managed to settle his outstanding child support obligations and pay off the ticket. Compl. ¶¶ 18-20; Exs. E, F to Compl. Thereafter, on April 8, 2016, plaintiff served a demand on the Executive Deputy Commissioner of the NYS DMV seeking, in his words, the *nunc pro tunc* (*i.e.*, retroactive) restoration of his NYS DMV-issued CDL. Compl. ¶ 21; Ex. H to Compl.

On May 6, 2016, the NYS CDL Coordinator wrote back to Forjone explaining that New York State law precluded the NYS DMV from satisfying his request. Compl. ¶ 22; Ex. I to Compl. As this letter explained:

> New York State Vehicle and Traffic Law Section 502.6 stipulates the reasons why your license was prohibited from being renewed in 2009 and why such renewal is not available to you today.
>
> - Section 502.6(a): A license issued pursuant to subdivision five of this section shall be valid until the expiration date contained thereon, unless such license is suspended, revoked, or cancelled. Such license may be renewed by submission of an application for renewal . . . .
>
> - Section 502.6(b): Time for renewal. A renewal license may only be issued if an application for such license is filed within two years from the date of expiration of the prior license.
>
> As your license was under suspension at the time of its expiration, you were unable to renew it pursuant to Section 502.6(a). As your license was expired for over two years once your suspensions were resolved, you were unable to renew it pursuant ot Section 502.6(b).

Ex. I to Compl.

The agency's letter went on to detail how Forjone could re-apply for a CDL in a manner consistent with State law:

> In order to restore your driver's license, you will need to undertake all testing to obtain one. First you will need to make application for a non-CDL learner's permit and pass a knowledge test. Then you will need to obtain certification that you completed a 5-hour pre-licensing course. Once you have your certification, you may then schedule to undergo a road test in a non-CDL vehicle. Once you have obtained your non-CDL license, you will then be able to make application and undertake the knowledge and road testing needed to re-obtain a CDL.

Ex. I to Compl.

Nonplussed, Forjone replied with a further letter demand on June 13, 2016, reiterating that the NYS DMV should restore his CDL within 30 days or face down the possibility of legal action. *See* Ex. J to Compl.

To date, however, the agency has apparently refused to change its position on Forjone's request. *See* Compl. ¶¶ 24-27. Plaintiff alleges that the Federal defendants bear some shared responsibility for the agency's non-renewal by virtue of the fact that, according to plaintiff at least, the administration and enforcement of the New York State CDL licensing provisions falls under the "Real ID Act and related law." *Id*. ¶¶ 28-29.

Forjone seeks a declaratory judgment in his favor, the restoration of his CDL, the appointment of a special master to oversee NYS DMV operations, and $500,000 in damages. *See generally* Compl.

### III. LEGAL STANDARDS

#### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *N.Y. by Schneiderman v. Utica City Sch. Dist.*, 177 F. Supp. 3d 739, 745 (N.D.N.Y. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2003)). "The plaintiff bears the

burden of proving subject matter jurisdiction by a preponderance of the evidence." *Id*. at 746 (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "In determining the existence of subject matter jurisdiction, a district court may consider evidence outside the pleadings." *Id*. (quoting *Saleh v. Holder*, 84 F. Supp. 3d 135, 137-38 (E.D.N.Y. 2014)).

### B. Rule 12(b)(6)

"To survive a Rule 12(b)(6) motion to dismiss, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Ginsburg v. City of Ithaca*, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims." *Id*.

"When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor." *United States v. Bedi*, 318 F. Supp. 3d 561, 564-65 (N.D.N.Y. 2018) (citation omitted). "In making this determination, a court generally confines itself to the 'facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken.'" *Id*. at 565 (quoting *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)).

## IV. DISCUSSION

Because Forjone is proceeding *pro se*, his complaint, "however inartfully pleaded, must be held to less stringent standards than [a] formal pleading[ ] drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (citation and internal quotation

marks omitted).  As the Second Circuit has repeatedly instructed, a complaint filed *pro se* "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests."  *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).  "This is particularly so when the *pro se* plaintiff alleges that h[is] civil rights have been violated."  *Ahlers*, 684 F.3d at 60 (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)).

Forjone has also filed two opposition memoranda that include language concerning plaintiff's desire for injunctive relief against the "Green Light Law," which in his idiosyncratic view "dilutes Plaintiff['s] suffrage right to self government by affording illegal aliens a State of New York [ ] Driver[']s license driving privileges."  Dkt. Nos. 15, 22.

Because he is *pro se*, Forjone's additional submissions will be examined in an effort to determine the nature and sufficiency of his claims for relief.  *See, e.g.*, *Boguslavsky v. Kaplan*, 159 F.3d 715, 719 (2d Cir. 1988) ("[C]ourts may look to submissions beyond the complaint to determine what claims are presented by an uncounseled party.").

Liberally construed in light of these principles, Forjone's *pro se* complaint purports to enumerate seven different grounds for relief under the "14th amendment" and, in his words, under "42 USC §1983, §1985, §1986 and related law."  Compl. at pp. 2-3.[3]

### A. **Applicable Federal Law**

### 1. **42 U.S.C. § 1983**

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if

---

[3] Pagination corresponds to CM/ECF.

such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). However, "[s]ection 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Thus, a § 1983 claim requires a plaintiff to show (1) the deprivation of a right, privilege, or immunity secured by the Constitution and its laws by (2) a person acting under the color of state law.

### 2. 42 U.S.C. § 1985

42 U.S.C. § 1985, originally enacted as part of the Civil Rights Act of 1871, outlaws "five broad classes of conspiratorial activity." *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). "In general terms, [§ 1985] proscribe[s] conspiracies that interfere with (a) the performance of official duties by federal officers; (b) the administration of justice in federal courts; (c) the administration of justice in state courts; (d) the private enjoyment of 'equal protection of the laws' and 'equal privileges and immunities under the laws'; and (e) the right ot support candidates in federal elections." *Id*.

### 3. 42 U.S.C. § 1986

"Finally, § 1986 provides a cause of action against anyone who having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (citation and internal quotation marks omitted). "Thus, a § 1986 claim must be predicated upon a valid § 1985 claim." *Id*.

### B. Plaintiff's Causes of Action

Forjone's first six causes of action under these provisions are asserted against the State defendants, while his seventh claim for relief is asserted against both the State

defendants *and* the Federal defendants.  *Compare* Compl. ¶¶ 31-53, *with id*. ¶ 54-56.

Forjone claims against the State defendants are based on the alleged denial of substantive due process, compl. ¶¶ 31-36, equal protection, *id*. ¶¶ 37-44, a conspiracy to deny equal protection, *id*. ¶ 45-56, procedural[4] due process, *id*. ¶¶ 47-48, a violation of the New York State constitution, *id*. ¶¶ 49-50, and the tortious interference with his right to contract, *id*. ¶¶ 51-53.  Plaintiff's seventh claim, which is asserted against both the State and the Federal defendants, alleges "tortious interference with commerce."  *Id*. ¶¶ 54-56.

### C. Defendants' Motions to Dismiss

The State defendants and the Federal defendants (collectively "defendants") contend that dismissal of Forjone's complaint is warranted because the NYS DMV, the NYS OFS, the DHS Secretary, and the DoT Secretary are all immune from suit in federal court under §§ 1983, 1985, and 1986.  In the alternative, defendants assert that plaintiff has failed to state plausible claims for relief under any of these constitutional provisions.

"Subject matter jurisdiction is a threshold issue and, thus, when a party moves to dismiss under both Rules 12(b)(1) and 12(b)(6), the motion court must address the 12(b)(1) motion first."  *Saleh*, 84 F. Supp. 3d at 137-38.

### 1. The State Defendants

The Eleventh Amendment to the U.S. Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or

---

[4] Plaintiff entitles this claim "arbitrary take CDL property without a compelling state interest," but also references "negligence in misadministration and enforcement of the law."  Compl. ¶ 48.  Accordingly, it is construed here as a procedural due process claim.

Subjects of any Foreign State."  U.S. Const. amend. XI.

"As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Kisembo v. N.Y.S. Office of Children & Family Servs.*, 285 F. Supp. 3d 509, 519 (N.D.N.Y. 2018) (quoting *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 219-20 (N.D.N.Y. 2014)).

"This jurisdictional bar applies regardless of the nature of the relief sought." *Murawski v. N.Y. State Bd. of Elections*, 285 F. Supp. 3d 691, 695 (S.D.N.Y. 2018) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).  "This immunity 'extends beyond state agencies to state officials at those agencies working on behalf of the state (*i.e.*, in their official capacities).'"  *Kisembo*, 285 F. Supp. 3d at 519 (quoting *Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 406 (E.D.N.Y. 2010)).

"Importantly for present purposes, the State of New York has not waived its sovereign immunity from § 1983 claims in federal court." *Kisembo*, 285 F. Supp. 3d at 519 (citation omitted).  "Nor has Congress validly abrogated New York's sovereign immunity from these claims."  *Id*.  The same is true of §§ 1985 and 1986 claims brought against the State of New York and its constituent agencies in federal court.  *See, e.g.*, *Keitt v. New York City*, 882 F. Supp. 2d 412, 424 (S.D.N.Y. 2011) ("Section 1983, 1985, and 1986 claims against the State of New York and its agencies are barred by the 11th Amendment.").

As relevant here, the NYS DMV and the NYS OFS are both immune from suit in federal court under §§ 1983, 1985, and 1986.  *Sandoval v. Dep't of Motor Vehicles*, 333 F. Supp. 2d 40, 43 (E.D.N.Y. 2004) ("[T]he DMV is an agency acting on behalf of the State of New York and is entitled to sovereign immunity under the Eleventh Amendment."); *see also*

*Kisembo*, 285 F. Supp. 3d at 519-520 (collecting cases concluding same as to NYS OFS).

In light of this body of governing law, Forjone's federal claims against the State defendants are therefore barred by sovereign immunity.[5] Accordingly, plaintiff's §§ 1983, 1985, and 1986 claims against the State defendants must be dismissed for lack of subject matter jurisdiction. *Morales v. New York*, 22 F. Supp. 3d 256, 268 (S.D.N.Y. 2014) ("A claim that is barred by a state's sovereign immunity must be dismissed pursuant to the Eleventh Amendment for lack of subject matter jurisdiction.").

### 2. The Federal Defendants

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *see* also *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Forjone has named as defendants the DHS Secretary and the DOT Secretary, apparently in their respective official capacities as heads of the named federal agencies. However, "the United States is immune from constitutional tort claims against the United States, its agencies, or federal employees sued in their official capacities." *Perez v.*

---

[5] "[T]he doctrine of *Ex parte Young* permits a suit to proceed against an otherwise immune entity if a plaintiff names a state official in her or her official capacity provided the plaintiff '(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective.'" *Morris v. N.Y. State Police*, 268 F. Supp. 3d 342, 360 n.6 (N.D.N.Y. 2017) (quoting *Brown v. New York*, 975 F. Supp. 2d 209, 222 (N.D.N.Y. 2013) (D'Agostino, J.)). Even assuming that the special solicitude afforded to a *pro se* litigant warranted reading Forjone's complaint to have named a state official in the proper manner, the Court concludes that plaintiff has not plausibly pleaded an ongoing violation of *federal* law. As discussed *infra*, plaintiff's relief, if any, lies with state claims in a state forum.

- 11 -

*Hawk*, 302 F. Supp. 2d 9, 18 (E.D.N.Y. 2004). Accordingly, plaintiff's §§ 1983, 1985, and 1986 claims against the Federal defendants must also be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Olmeda v. Babbits*, 2008 WL 282122, at *5 (S.D.N.Y. Jan. 25, 2008) (dismissing plaintiff's §§ 1983, 1985, and 1986 claims against federal agencies as barred by sovereign immunity).

In light of his *pro se* status, the Court has also considered whether Forjone might be able to plead a plausible claim under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which authorizes suits for money damages against federal officials sued in an individual capacity under certain limited circumstances. *See, e.g.*, *Perez*, 302 F. Supp. 2d at 18 (construing pro se plaintiff's § 1983 to raise an analogous claim against individual federal officers under *Bivens*).

However, even assuming Forjone intended to name the current DHS Secretary or current DoT Secretary in their respective individual capacities, he has still failed to plausibly plead their personal involvement in any of the alleged misconduct; *i.e.*, the continued refusal of the NYS DMV to restore plaintiff's CDL. *Cf. Perez*, 302 F. Supp. 2d at 18-19 ("[F]ederal officials who are not personally involved in an alleged constitutional deprivation may not be held vicariously liable under *Bivens* for the acts of subordinates.").

The Court has also considered whether the Federal Tort Claims Act ("FTCA") might provide Forjone a means of relief. The FTCA grants a limited waiver of sovereign immunity that applies to "claims against the United States for money damages . . . for injury . . .caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place

where the act or omission occurred."  28 U.S.C. § 1346(b).

"Thus, for liability to arise under the FTCA, a plaintiff's cause of action must be comparable to a cause of action against a private citizen recognized in the jurisdiction where the tort occurred, and his allegations, taken as true, must satisfy the necessary elements of that comparable state cause of action."  *Chen v. United States*, 854 F.2d 622, 626 (2d Cir. 1988) (cleaned up).

However, there is no indication that Forjone properly exhausted any possible claim under the FTCA, which requires a claimant to "first present[ ] the claim to the appropriate Federal agency" and have it "denied by the agency in writing."  28 U.S.C. § 2675(a).  This failure provides independent justification to dismiss any such claim against the Federal defendants, too.  *See, e.g.*, *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court.").

Beyond that, Forjone has improperly named the federal agencies, or the organizational heads of the federal agencies, as defendants in this action.  *See, e.g.*, *Langella v. Bush*, 306 F. Supp. 2d 459, 463 (S.D.N.Y. 2004) ("Under the FTCA, suit must be brought directly against the United States, and federal agencies are immune from suit.").

But even assuming Forjone intended to take that approach here, application of the FTCA would still not save his claims.  The crux of plaintiff's complaint is that the State defendants' non-renewal of his expired CDL interfered with his ability to earn a living.  Compl. ¶¶ 11, 32.  Indeed, in the *ad damnum* clause of plaintiff's complaint he explains that the $500,000 sought in damages are based on the fact that NYS DMV has "damaged [his] ability to participate in interstate Commerce for ten years."  *See generally*

Compl.

However, the FTCA is inapplicable to a "claim arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h). Indeed, this particular kind of common law tort claim; *i.e.*, a state law claim for tortious interference, is explicitly carved out from the FTCA's limited waiver of immunity. *See, e.g.*, *Aryai v. Forfeiture Support Assocs.*, 25 F. Supp. 3d 376, 391 (S.D.N.Y. 2012) (holding that the FTCA does not waive immunity "with respect to claims for tortious interference"). Accordingly, Forjone's claims against the Federal defendants would be subject to dismissal on these grounds as well.

### D. The County Defendants

Forjone has also named Warren County DMV, Warren County DSS, and Orleans County DSS (collectively the "County defendants") in the caption of his pleading and in the "defendants" section of his complaint. Compl. ¶¶ 3, 5-6.

However, the factual allegations of Forjone's complaint fail to indicate how these particular defendants wronged him in a manner that might give rise to a plausible claim for federal relief under §§ 1983, 1985, or 1986. Accordingly, these defendants will be dismissed. *See, e.g.*, *Avraham v. Lakeshore Yacht & Country Club, Inc.*, 2016 WL 6585589, at *17 (N.D.N.Y. Nov. 17, 2016) (dismissing all claims against certain defendants *sua sponte* where, as here, *pro se* plaintiff's pleading was "bereft of any substantive allegations concerning them"); *Cohen v. Local 338-RWDSU/UFCW*, 2010 WL 3199695, at *11 (S.D.N.Y. Aug. 12, 2010) (dismissing claims against defendants *sua sponte* where *pro se* plaintiff's pleading lacked any suggestion that these defendants "engaged in any conduct that would entitle plaintiff to relief").

### D. **Leave to Amend**

"Finally, although district courts in this Circuit are generally reluctant to dismiss a *pro se* plaintiff's action without permitting leave to replead, the Second Circuit has explained that it is nevertheless appropriate to do so in cases '[w]here it appears that granting leave to amend is unlikely to be productive." *Avraham*, 2016 WL 6585589, at *17 (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)).

Permitting amendment would be unproductive in this instance. Even if Forjone sought to proceed against one or more individual New York State employees involved in the non-renewal of his CDL, his various *federal* claims for relief—alleging a denial of substantive due process, equal protection, and a nebulous, ill-defined conspiracy to deny those constitutional protections—would still fail to pass muster under Rule 12(b)(6).

A thorough review of Forjone's pleading and supporting submissions does suggest one cognizable federal claim: § 1983 procedural due process. After all, "[i]t is well established that a driver's license is a substantial property interest that may not be deprived without due process of law." *Pringle v. Wolfe*, 646 N.Y.S.2d 82 (N.Y. 1996) (citation omitted). Indeed, "[i]t is well established that many state-created privileges, such as a license to drive, 'are not to be taken away without that procedural due process required by the Fourteenth Amendment.'" *Gudema v. Nassau Cty.*, 163 F.3d 717, 724 (2d Cir. 1998) (quoting *Bell v. Burson*, 402 U.S. 535, 539 (1971)).

However, that claim would also be subject to Rule 12(b)(6) dismissal. Forjone acknowledges that, at the time his CDL expired in 2009, it was suspended for his failure to pay child support and for an outstanding ticket in the Town of Corinth. Although it appears plaintiff may have attempted to renew his CDL around that time, he does not appear to be

challenging the propriety of the suspensions.[6]  Instead, plaintiff alleges he has more recently cured the unpaid fines and support obligations and attempted to renew his CDL, which the NYS DMV still refuses to do.  To the extent he desires to challenge *that* non-renewal, an Article 78 proceeding in state court was and is the appropriate place to do so.

"Article 78 of the New York Civil Practice Law, an amalgam of the common law writs of certiorari to review, mandamus, and prohibition," *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 1010 F.3d 877, 881 (2d Cir. 1996), "provides the mechanism for challenging a specific decision of a state [or municipal] administrative agency," *Campo v. N.Y. City Employees' Ret. Sys.*, 843 F.2d 96, 101 (2d Cir. 1988).

As relevant here, courts have repeatedly held that the availability of an Article 78 proceeding to challenge the allegedly unlawful or improper revocation or suspension of a driver's license, with or without pre-deprivation notice or a hearing, typically constitutes an adequate procedural remedy.  *See, e.g.*, *Gudema*, 163 F.3d at 724 (concluding same where plaintiff sought to challenge suspension of his driver's license); *Rubin v. Swarts*, 2011 WL 1004838, at *2 (E.D.N.Y. Mar. 18, 2011) (rejecting § 1983 procedural due process claim because "the proper forum for [plaintiff's] claim that Defendants unlawfully suspended his driver's license without notice is an Article 78 proceeding in New York State Supreme Court").  Because this body of law is fatal to any § 1983 procedural due process claim, leave

---

[6] Notably, when the deprivation occurs pursuant to an established state procedure, "the availability of post-deprivation procedures will not, *ipso facto*, satisfy due process." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (citation omitted).  However, the result remains the same even if Forjone's complaint is viewed as a challenge to the suspensions, or perhaps the issue of non-renewal(s) that occurred during the prior suspension period, even though that kind of state action almost certainly resulted from a sanctioned procedure.  *See, e.g.*, *Collins v. Saratoga Cty. Support Collection Unit*, 2012 WL 2571288, at *6-*7 (N.D.N.Y. July 3, 2012) (Sharpe, J.) (analyzing similar claim under "the more onerous state-procedure analysis" and concluding Article 78 proceeding remained a sufficient remedy to challenge license suspension regardless of whether it was a random act or the intentional application of a policy).

- 16 -

to amend will be denied.

## V. **CONCLUSION**

Forjone has failed to plead plausible constitutional claims under §§ 1983, 1985, or 1986 against the State defendants, the Federal defendants, or the County defendants. And because all of these federal claims will be dismissed without leave to amend, supplemental jurisdiction over any state law claims will be declined. *See* 28 U.S.C. § 1367(c)(3).

Therefore, it is

ORDERED that

1. The State defendants' motion to dismiss is GRANTED;

2. The Federal defendants' motion to dismiss is GRANTED;

3. Forjone's motion for injunctive relief is DENIED;

4. The County defendants are DISMISSED as defendants in this action;

5. Forjone's federal claims are DISMISSED with prejudice; and

6. Forjone's state law claims are DISMISSED without prejudice.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment dismissing the complaint, and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 1, 2019
      Utica, New York.